IN THE CIRCUIT COURT OF THE SEVENTH
JUDICAL CIRCIUT IN AND FOR ST. JOHNS
COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.: CA22-1479
DIVISION: 55

LOUISE VRBA.

   **Plaintiff,**

vs.

TARGET COROPORATION,
A Foreign Profit Corporation,

   **Defendant.**
_____/

## COMPLAINT

  COMES NOW Plaintiff, LOUISE VRBA, and sues Defendant TARGET CORPORATION, a foreign profit corporation authorized to do business in Florida and alleges:

  1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's

1

claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. Plaintiff is a natural person residing in St. Johns County, Florida.

3. At all times material to this action, Defendant, TARGET CORPORATION, is a corporiation licensed to do business in the State of Florida.

4. At all times material hereto, Defendant was the owner and in possession of that certain business located at 1440 US Highway 1, St. Augustine, St. Johns County, Florida, said being that of a retail store, open to the public, including the Plaintiff herein.

5. On or about May 4, 2022, Plaintiff visited Defendant's premises located at the above address to go shopping.

6. At said time and place, Plaintiff was a guest at the retail store, lawfully upon the premises of the Defendant, who owed Plaintiff a duty to exercise reasonable care for her safety.

7. At said time and place, Defendant breached its duty owed to Plaintiff by Committing one or more of the following omissions or commissions:

a) Negligently failing to maintain or adequately maintain the entrance way, thus creating a hazardous condition to members of the public utilizing said entrance way, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b) Negligently failing to inspect or adequately inspect the entrance way, as specified above, to ascertain whether there was some decorative concrete walk-up ramp and its uneven surface constituted a hazard to pedestrians utilizing said entrance way, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

c) Negligently failing to inspect or adequately warn the Plaintiff of the danger there was some decorative concrete walk-up ramp and its uneven surface of the on the entrance way, when Defendant knew or through the exercise of reasonable care should have known that said entrance way was unreasonably dangerous and that Plaintiff was unaware of same; and

d) Negligently failing to correct or adequately correct the unreasonably dangerous condition of the decorative concrete walk-up ramp and its uneven surface on the entrance way on Defendant's premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care.

8. As a result, while Plaintiff was visiting Defendant's business, she tripped and fell on the decorative concrete walk-up ramp and its uneven surface in the walkway, sustaining injuries as set forth.

9. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about his/her/their body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, LOUISE VRBA, sues the Defendant, TARGET CORPORATION, for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

**RESPECTFULLY** submitted this 16th day of November, 2022.

/s/ *Thomas Fichtelman*

---

Thomas Fichtelman, Esquire
FBN 125843
Morgan & Morgan
2601 N Ponce De Leon Blvd
St Augustine, FL 32084-2642
Office: 904-523-7420
Fax: 904-523-7451
Primary Email: tfichtelman@forthepeople.com
Secondary email: bkaanto@forthepeople.com
Attorneys for Plaintiff